
117714020

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| THE STATE OF OHIO<br>Plaintiff | Case No: CR-20-651870-A<br><br>Judge: MICHAEL J RUSSO |
| DARRYL BORDEN<br>Defendant | INDICT: 2903.02 ATTEMPTED, MURDER (PEACE OFFICER) /FRM1 /FRM3<br>2903.02 ATTEMPTED, MURDER (PEACE OFFICER) /FRM1 /FRM3<br>2903.11 FELONIOUS ASSAULT (PEACE OFFICER) /FRM1 /FRM3<br>ADDITIONAL COUNTS... |

## JOURNAL ENTRY

\*\* INDEFINITE PRISON TERM PURSUANT TO S.B. 201/R.C. 2929.144. \*\*

DEFENDANT IN COURT. COUNSEL DEANNA ROBERTSON PRESENT.
COURT REPORTER KELLIE M. REEVES-ROPER PRESENT.
ON A FORMER DAY OF COURT THE DEFENDANT PLEADED GUILTY TO ATTEMPTED, FELONIOUS ASSAULT (PEACE OFFICER) 2923.02/2903.11 A(1) F2 WITH FIREARM SPECIFICATION(S) - 1 YEAR (2941.141) AS AMENDED IN COUNT(S) 3 OF THE INDICTMENT TO ADD VICTIM FROM COUNT 5 (P.O. BAILEY GANNON #1579).
COUNT(S) 1, 2, 4, 5, 6 WAS/WERE NOLLED.
DEFENDANT ADDRESSES THE COURT, PROSECUTOR ANDREW F. ROGALSKI AND CHADWICK P. CLEVELAND ADDRESS THE COURT, VICTIM/REP ADDRESSES THE COURT, OTHERS ADDRESS THE COURT.

THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW.
THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R. C. 2929.11.

THE COURT IMPOSES A STATED PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF 7 YEARS TO 10 YEAR(S).

ON COUNT 3 (F2), DEFENDANT IS SENTENCED TO AN INDEFINITE PRISON TERM OF A MINIMUM OF 6 YEARS AND A MAXIMUM OF 9 YEARS FOR THE ATTEMPTED FELONIOUS ASSAULT (PEACE OFFICER).

DEFENDANT IS TO SERVE 1 YEAR FOR THE FIREARM SPECIFICATION (MANDATORY), PRIOR TO AND CONSECUTIVELY, TO 6 YEARS MINIMUM TO 9 YEARS MAXIMUM ON COUNT 3 (F2) AT LCI, FOR A STATED TERM OF 7 YEARS TO 10 YEARS.

SENTENCE IS TO RUN CONCURRENTLY WITH HIS FEDERAL CASE (N. DIST. OHIO CASE NO. 1:20CR680).

THE COURT HAS NOTIFIED THE DEFENDANT THAT PURSUANT TO R.C. 2929.19(B)(2)(C), IT IS REBUTTABLY PRESUMED THAT THE DEFENDANT WILL BE RELEASED FROM SERVICE OF THE SENTENCE ON THE EXPIRATION OF THE AGGREGATE MINIMUM PRISON TERM IMPOSED (AND AFTER THE SERVICE OF THE SPECIFICATION) OR PRESUMPTIVE EARLY RELEASE DATE, WHICHEVER IS EARLIER; THAT THE DEPARTMENT OF REHABILITATION AND CORRECTION MAY REBUT THE PRESUMPTION IF IT MAKES SPECIFIED DETERMINATIONS AT A HEARING REGARDING OFFENDER'S CONDUCT WHILE CONFINED, THREAT TO SOCIETY, RESTRICTIVE HOUSING AND/OR SECURITY CLASSIFICATION WHILE CONFINED PURSUANT TO R.C. 2967.271; MAY THEN MAINTAIN THE DEFENDANT'S INCARCERATION AFTER THE EXPIRATION OF THE AGGREGATE MINIMUM PRISON TERM FOR A REASONABLE TIME; AND MAY MAKE SUCH DETERMINATIONS MORE THAN ONE TIME UP TO THE AGGREGATE MISC
06/30/2021


117714020

MAXIMUM PRISON TERM. THE TRIAL COURT CAN CONDUCT A HEARING AND FIND THE EARLY RELEASE DATE IS REBUTTED PURSUANT TO 2967.271(F)(1).

3 YEARS MANDATORY PRC ON COUNT 3.

THE COURT HAS NOTIFIED THE DEFENDANT THAT POST RELEASE CONTROL IS MANDATORY FOR THIS PRISON SENTENCE FOR THREE (3) YEARS; THAT AFTER THE DEFENDANT SERVICES HIS PRISON SENTENCE, DEFENDANT WILL BE PLACED ON THIS MANDATORY THREE (3) YEARS PERIOD OF POST RELEASE CONTROL; THAT THE ADULT PAROLE AUTHORITY WILL ADMINISTER THE POST-RELEASE CONTROL PURSUANT TO R.C. 2967.28, AND THAT ANY VIOLATION BY THE DEFENDANT OF THE CONDITIONS OF POST-RELEASE CONTROL WILL SUBJECT THE DEFENDANT TO THE CONSEQUENCES SET FORTH IN REVISED CODE SECTION 2967.28. THE DEFENDANT IS ORDERED TO SERVE AS PART OF THIS SENTENCE ANY TERM OF POST-RELEASE CONTROL IMPOSED BY THE PAROLE BOARD, AND ANY PRISON TERM FOR VIOLATION OF THAT POST-RELEASE CONTROL.

IF THE DEFENDANT VIOLATES THE CONDITIONS OF SUPERVISION WHILE UNDER POST-RELEASE CONTROL, THE PAROLE BOARD CAN RETURN DEFENDANT TO PRISON FOR UP TO NINE MONTHS FOR EACH VIOLATION AND FOR A MAXIMUM ADDITIONAL PERIOD OF INCARCERATION OF UP TO ½ OF THE MINIMUM PRISON TERM ORIGINALLY IMPOSED UPON THE OFFENDER AS PART OF THE OFFENDER'S STATED NON-LIFE FELONY INDEFINITE PRISON TERM, EVEN THOUGH DEFENDANT HAS ALREADY SERVED THE ENTIRE STATED PRISON TERM IMPOSED BY THIS COURT. IF THE VIOLATION OF POST-RELEASE CONTROL IS A NEW FELONY CONVICTION, THE SENTENCING JUDGE HANDLING THE NEW CASE CAN IMPOSE SANCTIONS FOR THE NEW FELONY, CAN TERMINATE DEFENDANT'S POST-RELEASE CONTROL, AND IN ADDITION TO ANY PRISON TERM IMPOSED FOR THE NEW FELONY, CAN IMPOSE FOR THE POST-RELEASE CONTROL VIOLATION A CONSECUTIVE PRISON TERM OF ONE YEAR OR WHATEVER TIME REMAINS ON DEFENDANT'S POST-RELEASE CONTROL, WHICHEVER IS GREATER.

DEFENDANT TO RECEIVE JAIL TIME CREDIT FOR 345 DAY(S), TO DATE.
DEFENDANT DECLARED INDIGENT.
COSTS WAIVED.
FINE(S) WAIVED.
ALL MOTIONS NOT SPECIFICALLY RULED ON PRIOR TO THE FILING OF THIS JUDGMENT ENTRY ARE DENIED AS MOOT.
DEFENDANT REMANDED.
SHERIFF ORDERED TO TRANSPORT DEFENDANT DARRYL BORDEN, DOB: 10/24/1977, GENDER: MALE, RACE: BLACK.

FIREARM NOTICE TO DEFENDANT

PURSUANT TO R.C. 2923.13, YOU ARE PROHIBITED FROM KNOWINGLY ACQUIRING, HAVING, CARRYING, OR USING ANY FIREARM OR DANGEROUS ORDNANCE. IF PROHIBITED, YOU WILL REMAIN SO EVEN AFTER YOU HAVE BEEN RELEASED FROM PRISON, COMMUNITY CONTROL SANCTIONS, AND/OR POST RELEASE CONTROL. YOU CAN ONLY RESTORE YOUR RIGHT TO POSSESS A FIREARM BY APPLYING TO THE COURT TO RELIEVE YOU FROM DISABILITY PURSUANT TO R.C. 2923.14. VIOLATION OF THIS SECTION IS A FELONY AND IS PUNISHABLE BY A PRISON SENTENCE AND/OR A FINE.

06/30/2021
CPMR2 07/01/2021 15:39:44

MISC
06/30/2021

The State of Ohio } I, The Clerk of the Court
} SS. Of Common Pleas within
Cuyahoga County } And for said County

Hereby certify that the above and foregoing is truly Taken and copied from the original
Now on file in my office
Witness my hand and seal of said Court this ___
Day of _____ A.D. 20__
CUYAHOGA COUNTY CLERK OF COURTS
By _____, Deputy

_____
Judge Signature                07/01/2021

RECEIVED FOR FILING
07/01/2021 15:51:06
NAILAH K. BYRD, CLERK