IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER KILNAPP, | ) | CASE NO. 1:22-CV-01225-CAB |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| CITY OF CLEVELAND, *et al.*, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Defendants. | ) | **ORDER** |

This matter has been referred to the undersigned for resolution of Plaintiff's pending Motion to Compel Financial Information from Individual Defendant Gannon (Doc. No. 42). (Doc. No. 43.) For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion to compel.

**I.  Background**

On July 13, 2022, Plaintiff filed suit against the City of Cleveland, Dornat Drummond, in his official capacity as City of Cleveland Chief of Police, and Bailey Gannon, in his official and personal capacity, under 42 U.S.C. § 1983. (Doc. No. 1.) As part of her claims for relief, Plaintiff alleged, "The conduct of Gannon, as described above, was done maliciously and/or with reckless indifference to Kilnapp's federally protected rights, for which Gannon, in his individual capacity, is liable for punitive damages." (*Id.* at 17, 19.) Plaintiff's prayer for relief included a request for "punitive damages against Gannon in his individual capacity." (*Id.* at 19.)

On April 3, 2024, Plaintiff filed a Motion to Compel Financial Information from Individual Defendant Gannon. (Doc. No. 42.)

On April 5, 2024, the Court held a telephonic status conference to discuss Plaintiff's pending Motions at Doc. Nos. 41-42 and scheduled an in person Meet and Confer for April 9, 2024. (Doc. No. 44.)

On April 8, 2024, Defendant Gannon filed his opposition to the Motion to Compel Financial Information. (Doc. No. 48.)

Following the April 9, 2024 Meet and Confer, the parties submitted a proposed Agreed Order setting forth the agreement reached during the Meet and Confer, which the Court signed and entered. (Doc. No. 49.) In relevant part, the Agreed Order stated: "The Court will defer ruling on Plaintiff's Motion to Compel until a later date if not resolved between counsel (Doc. No. 42.) If not resolved, Plaintiff shall file a Reply Brief in Support of the Motion to Compel on or before May 16, 2024." (Doc. No. 49 at 2.)

On April 23, 2024, Plaintiff filed a reply in support of her Motion to Compel Financial Information from Individual Defendant Gannon. (Doc. No. 51.)

## II.  Analysis

In her Motion to Compel Financial Information from Individual Defendant Gannon, Plaintiff seeks an order compelling Defendant Gannon to produce the financial information sought in Plaintiff's Request for Production Nos. 11-13. (Doc. No. 42 at 1.) Those requests for production seek: (a) Gannon's tax returns for 2020, 2021, and 2022; (b) documents regarding investment, retirement, or bank accounts for the period of June 1, 2020 to the present; and (c) documents regarding real estate (improved or unimproved) held by Defendant Gannon or any business entities in which Defendant Gannon has an ownership or equity stake (except for those traded on a public stock exchange) for the period of June 1, 2020 to present. (*Id.* at 1-2.) Plaintiff argues that it is "'well-settled'" that a defendant's financial position "may be 'considered in assessing punitive damages'" and such information is "'clearly discoverable in a case where punitive damages are sought.'" (*Id.* at 3-4) (citations omitted). While Defendant Gannon argues that Plaintiff may obtain evidence of his financial condition "only after surpassing some threshold hurdle on the merits, courts have already rejected that argument," including this Court. (*Id.* at 4-5.) Therefore, the Court should order Defendant Gannon to produce this information "subject to the protective order." (*Id.* at 5.)

2

In response, Defendant Gannon argues that Plaintiff "relies on cases involving sophisticated business associations," not cases involving "an individual police officer." (Doc. No. 48 at 5.) Defendant Gannon asserts that "[t]here should not be discovery permitted into this area unless Kilnapp can demonstrate at least a factual basis for the recovery of punitive damages." (*Id.*) Relying on *Ross v. Crews*, Case No. 02-2454, 2006 WL 8435834, at *2 (W.D. Tenn. Dec. 14, 2006), Defendant Gannon argues that "[a]s it relates to an individual defendant where there are qualified immunity defenses, such discovery should not be permissible until there is a showing that there is a factual basis for punitive damages." (Doc. No. 48 at 6.) Relying on *Penman v. Correct Care Solutions, LLC*, Case No. 5:18-cv-00058, 2021 WL 3134255, at *8 (W.D. Ky. July 23, 2021), Defendant Gannon argues "[t]here should be 'a prima facie showing of entitlement to, or an evidentiary basis for the recovery of, punitive damages prior to allowing discovery of a defendant's financial status." (Doc. No. 48 at 6.) Defendant Gannon maintains that "[f]or individual officers, any discovery of personal financial conditions should be, if at all, after dispositive motions are decided." (*Id.* at 7.) In addition, even if the financial information was "relevant for trial," the requested real estate and account information goes "far beyond what would ultimately be admissible on the issue if a trial were necessary." (*Id.* at 5.) Likewise, Plaintiff would only be entitled to Defendant Gannon's current or recent financial information, and the requests for production exceed that scope. (*Id.* at 8.)

In reply, Plaintiff asserts that while Defendant Gannon "appears to argue that individual public officials are not subject to claims for punitive damages under Section 1983," the United States Supreme Court "has long held otherwise." (Doc. No. 51 at 1) (citing *Smith v. Wade*, 461 U.S. 30 (1983)). While Defendant Gannon argues that a plaintiff must make some "threshold showing" before a defendant is required to produce financial information in discovery, "that is not the law." (*Id.*) Plaintiff argues that *Ross v. Crews* is distinguishable as it relied on Tennessee law. (*Id.* at 1-2.) Furthermore, "courts in this District

3

and the 'overwhelming majority' of others have repeatedly rejected the argument Gannon reiterates." (*Id.* at 2.)

In *Penman*, the court explained as follows:

> This Court explained it would follow the majority rule and not require a pre-discovery prima-facie showing of entitlement to punitive damages:
>
>> ... Under federal law, ... evidence of a defendant's financial worth is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 ... (1981).
>>
>> A growing number of courts require a prima facie showing of entitlement to, or an evidentiary basis for the recovery of, punitive damages prior to allowing discovery of a defendant's financial status, and other courts delay discovery altogether on punitive damages until after dispositive motions have been decided. The majority of federal courts to have considered the question, however, have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial and without making a prima facie showing that he is entitled to recover such damages.
>>
>> ... "[T]he scope of discovery is within the sound discretion of the trial court." *S.S. v. Eastern Kentucky University*, 532 F.3d 445, 451 (6th Cir. 2008). Most courts addressing the proper scope of financial discovery have limited such discovery "to the period providing a picture of the defendant's **current** *(emphasis added)* financial condition and net worth, usually the most recent year or two." *Id.*
>
> *Id.* (collecting authorities).
>
> CCS must designate and prepare a Rule 30(b)(6) witness on Topics 6 and 7. Evidence of a defendant's financial worth is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded. *Id.* citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981).

2021 WL 3134255, at **7-8 (emphasis in original). *See also In re Heparin Products Liability Litigation*, 273 F.R.D. 399, 406-09 (N.D. Ohio Jan. 24, 2011) (collecting cases); *U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 398-99 (S.D. Ohio 2001) (collecting cases). In addition, as this Court has previously explained:

> Defendant says that Plaintiff's subpoena is untimely, as Plaintiff should have sought these financial records no later than August 11, 2014, the cutoff date for

4

> dispositive motion discovery. These financial statements will presumably aid Plaintiff in supporting his claim for punitive damages. Defendant says, however, that Plaintiff has not set forth any evidence sufficient to survive the now-pending motion for summary judgment,[] and therefore is not entitled to discovery that solely goes to this part of Plaintiff's claim.
>
> Along similar lines, Defendant also says that because it believes that Plaintiff's claim for punitive damages will fail, this subpoena is unlikely to lead to the discovery of any relevant evidence and should therefore be quashed.
>
> Defendant's arguments are misguided. Until and unless this Court decides that Plaintiff's claim for punitive damages loses, it is still a live controversy. If Defendant believes that Plaintiff's lack of documentary evidence dooms Plaintiff's claim for punitive damages, it can argue as much.[] But Defendant cannot halt discovery in this case just because it thinks it has the upper hand.

*Cawley v. Eastman Outdoors, Inc.*, No. 1:14-CV-00310, 2014 WL 4656381, at **2-3 (N.D. Ohio Sept. 16, 2014) (footnotes omitted).

While Defendant Gannon suggests there should be a different rule for individual defendants, the *Matusoff* case involved individual defendants as well as a corporate defendant, and the court rejected the request of "Defendant Roger Matusoff to maintain the privacy of his personal finances." 204 F.R.D. 396 at 398. In addition, as Plaintiff points out, the Supreme Court has long recognized the availability of punitive damages against individual public officers under § 1983. *Smith v. Wade*, 461 U.S. 30.

The Court agrees with Plaintiff that financial information is relevant. However, it also agrees with Defendant Gannon that Plaintiff's request is overbroad. *In re Heparin Products Liability Litigation*, 273 F.R.D. at 409-10; *In re. E.I. Du Pont de Nemours*, Civil Action No. 2:13–MD–2433, 2014 WL 1653158, at *6 (S.D. Ohio Apr. 24, 2014).

Therefore, the Court GRANTS IN PART the motion to compel as follows. Defendant Gannon shall produce the requested financial information for the most recent two-year period.[1]

---

[1] *In re Heparin Products Liability Litigation*, 273 F.R.D. at 409.

The Court notes that although Plaintiff references a protective order (Doc. No. 42 at 5), one has not been entered in this case. Discovery of Defendant Gannon's financial information "should be conducted only in accordance with a protective order which limits the disclosure of such information to Plaintiff's counsel and necessary support staff, and which requires the return of documents and other financial information at the conclusion of this litigation." *Matusoff*, 204 F.R.D. 396 at 401. Defendant Gannon's counsel will submit a draft of a suggested protective order to Plaintiff within ten (10) days from the date of this Order. *Id.*

IT IS SO ORDERED.

Date: April 29, 2024         *s/ Jonathan Greenberg*
                             Jonathan D. Greenberg
                             United States Magistrate Judge