## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Jennifer Kilnapp | ) | CASE NO. 1:22-CV-01225 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **Plaintiff Jennifer Kilnapp's motion for** |
| | ) | **Rule 54(b) certification** |
| City of Cleveland, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiff Jennifer Kilnapp respectfully requests that the Court enter final judgment on her claim against the City of Cleveland and certify there is no just reason for delay in order to permit one consolidated appeal from the Court's summary judgment orders. On February 13, 2025, the Court denied Defendant Bailey Gannon's motion for summary judgment. (Doc. # 77). His appeal, based on qualified immunity, is pending at the Sixth Circuit. On May 13, 2025, the Court granted summary judgment for the remaining Defendant, the City of Cleveland. (Doc. # 79) Certifying the latter as a final order would further the interests of judicial economy by permitting the Court of Appeals to consider this Court's decisions at the same time, rather than as piecemeal appeals. Because there is no just reason for delay, Kilnapp respectfully moves the Court to issue a certification under Civil Rule 54(b) with respect to the decision granting summary judgment to the City.

In cases involving claims against multiple parties, Civil Rule 54(b) permits a court to "direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay." Fed.

R. Civ. P. 54(b). "Certification of a judgment under Rule 54(b) is a two-step process." *EJS Properties, LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012). The first step is purely procedural: "the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Id*. As for the second, "the district court must expressly determine that there is no just reason to delay appellate review." *Id*. (*citing Gen. Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1026 (6th Cir. 1994)). In doing so, a court is to "clearly explain why it has concluded that immediate review of the challenged ruling is desirable." *Gen. Acquisition, Inc*., 23 F.3d at 1026.

To determine whether there is no just reason for the delay, a district court should consider the purpose of Rule 54(b), which is "intended 'to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.'" *Good v. Ohio Edison,* 104 F.3d 93, 95 (6th Cir. 1997) (*quoting Day v. NLO, Inc.,* 3 F.3d 153, 155 (6th Cir. 1993)). According to the Supreme Court, a court should similarly consider "factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

Based on the procedural posture of this case, there is no just reason to delay appeal of the order granting summary judgment to the City. Because the case is already on appeal, granting Rule 54(b) certification poses no risk of causing needless piecemeal appeals or undue delay. In fact, the converse is true. It is denying certification that

2

would lead to piecemeal appeals and undue delay. Assuming the Sixth Circuit affirms denial of summary judgment to Defendant Gannon, the case would continue to its conclusion against him alone. Appeal of the order granting summary judgment to the City would not come until the case against Gannon concludes. And if the case proceeds to trial, the lack of a consolidated appeal now would necessitate a retrial if the Sixth Circuit later reverses the grant of summary judgment against the City, making the original trial all for naught. Either way, that subsequent appeal would prolong the case—filed in July 2022—by another year or more. Delaying appeal as to the City's motion would not serve the interests of judicial economy; it would serve only to delay resolution of the case. On the other hand, a consolidated appeal now would eliminate that risk and potentially expedite resolution. That is what would "best serve[] the needs of the litigants." *See Good,* 104 F.3d at 95 (internal quotation omitted). Thus, there is no just reason for delay and this Court should enter final judgment so the Court of Appeals can evaluate the summary judgment decisions at the same time.

Granting Rule 54(b) certification at the summary judgment stage in section 1983 cases is a common practice where the case is already on appeal because a district court has denied qualified immunity to an individual defendant. *See, e.g., Ouza v. City of Dearborn Hts., Michigan*, 969 F.3d 265, 274 n.3 (6th Cir. 2020) (recognizing the district court's 54(b) certification in section 1983 case on interlocutory appeal from denial of individual officer's motion for summary judgment); *Thames v. City of Westland*, 796 Fed. Appx. 251, 259 (6th Cir. 2019) (on interlocutory appeal from individual officer's interlocutory appeal in section 1983 case, noting the district court's Rule 54(b)

certification from grant of summary judgment to defendant city to permit one consolidated appeal). *Yatsko v. Graziolli*, 2021 WL 5772527, *5 (6th Cir. Dec. 6, 2021) (same). Because it serves the interest of judicial economy and because there is no countervailing reason to deny a consolidated appeal now, the Court should follow suit.

No legitimate interest is served by requiring a later appeal concerning the City of Cleveland's motion for summary judgment when the case is already on appeal. In accordance with Civil Rule 54(b), the Court should therefore expressly direct final judgment on the claims against the City of Cleveland and find there is no just reason to delay appeal from its decision.

Respectfully submitted,

  /s/ Matthew D. Besser
Cathleen M. Bolek (0059884)
Matthew D. Besser (0078071)
**BOLEK BESSER GLESIUS LLC**
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

*Counsel for Plaintiff*

4

## Certificate of service

The undersigned hereby certifies that a copy of the foregoing was filed electronically this 27th day of May, 2025 and served by operation of the Court's electronic filing system upon:

Michael J. Pike
James R. Russell, Jr.
William Menzalora
Carli Young
Affan Ali

*Counsel for Defendants*

## Local Rule 7.1 certification

This case has been assigned to the standard track. This brief complies with the page limits set forth in Local Rule 7.1.

　/s/ Matthew D. Besser　　　　
*Counsel for Plaintiff*